IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1999 SESSION

FILED

April 16, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9806-CC-00253 |
| Appellee, | ) | |
| | ) | MAURY COUNTY No. 6613 |
| VS. | ) | |
| | ) | HON. ROBERT L. JONES, |
| ROBERT P. THURMAN, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |
| | ) | |
| | ) | AFFIRMED - RULE 20 |

## O R D E R

Appellant, ROBERT P. THURMAN, appeals the trial court's revocation of his probation. On October 12, 1994, appellant pled *nolo contendere* to nine counts of obtaining unemployment benefits through misrepresentation, Class E felonies. He received an agreed upon effective sentence of four years and was placed upon immediate probation.

Appellant violated terms of his probation four times between October 1994 and December 1997. Twice the trial court reinstated appellant on probation. For the third violation, the trial court reinstated probation and placed appellant in a community corrections program. *See* Tenn. Code Ann. § 40-36-106(f). For the fourth violation the trial court extended the period of supervision by six months.

In January 1998, appellant committed a burglary in Marshall County. In April 1998, he was found guilty by a Marshall County jury. As a result, in May 1998, the trial court revoked his probation outright and ordered him to serve the balance of his original four-year sentence. A review of the record shows that the trial court was well within its discretion to do so.

The court gave appellant ample opportunity to prove himself deserving of a sentence involving release in the community, and appellant was unable to comport

with the conditions of such release.  Appellant's claim that the trial court abused its discretion by revoking probation and ordering the balance of appellant's sentence served by incarceration is completely without merit.

The judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.  It appearing that the appellant is indigent, costs shall be taxed to the state.

So ordered.  Enter:

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID H. WELLES, JUDGE**

_____
**JOHN EVERETT WILLIAMS, JUDGE**

2